# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JANEEN ENCE,

    Plaintiff,

v.

AAA NEVADA INSURANCE COMPANY, *et al*.,

    Defendants.

Case No. 2:11-CV-00713-KJD-CWH

**ORDER**

    Before the Court is Plaintiff Janeen Ence's Motion for Leave to Amend (#38). Defendant AAA Nevada Insurance Company has filed an opposition (#40) and Plaintiff has filed a response (#41).

I.  Background

    This case involves a dispute over an insurance policy issued by Defendant AAA. As part of the process of resolving a claim, Defendant's agent Jimmy De La Cerda, requested a medical history for Plaintiff and requested that she undergo an independent medical examination. Plaintiff filed this suit on January 27, 2011 in state court. The action was removed to federal court on May 6, 2011 based on diversity jurisdiction. Plaintiff now seeks to amend her Complaint to add Nevada residents

Jimmy De La Cerda and Vera Simms as defendants and to add causes of action for improper claims handling against these new defendants.

## II.  Discussion

### A. Leave to Amend

Fed. R. Civ. P. 15(a)(s) provides that parties may seek leave to amend and that such leave should be "freely given."  Whether an amendment to a pleading should be permitted is ordinarily a matter within the discretion of the trial court. Caddy–Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir.1962). District courts are directed to apply this rule with "extreme liberality." See, e.g., Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.1997).  However, leave to amend is not absolute. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).  The court may deny leave to amend where amendment would be futile. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir.2004). A proposed amendment is futile if no set of facts can be proven under the amendment that would constitute a valid claim or defense. Farina v. Compuware Corp., 256 F.Supp.2d 1033, 1061 (9th Cir.2003) (quoting Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988)). The standard of review is akin to that undertaken by a court in determining the sufficiency of a pleading challenged in a Rule 12(b)(6) motion to dismiss. Id. (quoting Miller, 845 F .2d at 214). Under this standard, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When the claims in a proposed complaint have not crossed the line from conceivable to plausible, plaintiff's motion to amend must be denied. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (establishing the legal standard for a Rule 12(b)(6) motion to dismiss).

### B.  Negligent Misrepresentation by De La Cerda

Plaintiff concedes that she has no claims against Vera Simms and that the only cause of action she states against Jimmy De La Cerda is for negligent misrepresentation for his statements and conduct in handling the claim.  Defendant argues that De La Cerda, who was the claims adjustor, acted as an agent only and, accordingly, cannot be held liable for negligent misrepresentation.

As an initial matter, the proposed amended complaint's negligent misrepresentation claim does not comply with Fed. R. Civ. P. 9(b) because it fails to state the time, place, identity of the parties, and the nature of the alleged misrepresentation. See Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1996) ("It is well established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." Allowing amendment to add this claim as it appears in the proposed complaint would be futile since it fails to meet the requirements of the Federal Rules.

C.  Negligent Misrepresentation against Insurance Claims Adjustor

The parties dispute whether Nevada law allows a claim of negligent misrepresentation to proceed against an insurance claims adjustor. Plaintiff cites Judge Robert C. Jones's opinion in Sieben v. Countrywide Home Loans, Inc., 2010 WL 5463932, 3 (D.Nev. 2010), which involved claims against mortgage brokers. In that case Judge Jones determined that several of the defendants were fraudulently joined as they could not be held liable since they were not in contractual privity with the plaintiffs. Judge Jones noted that although lack of privity defeated the claims, "[a]gents in Nevada can be personally liable in tort for misrepresentations they make to third parties." Judge Jones's supported this statement by citing NevTex Oil & Gas v. Precision Rolled Prods., 782 P.2d 1311, 1311 (Nev.1989), which involved an *intentional* misrepresentations by the agent. In contrast, Defendants cite a different opinion by Judge Jones which follows the majority approach in holding that insurance claims adjusters cannot be held liable for negligence in Nevada. Silon v. American Home Assur. Co., 2009 WL 1090700, 3 (D.Nev. 2009). Under California law, upon which Judge Jones relies in Silon, it is well settled that "[a]n agent of an insurance company is generally immune from suits brought by claimants for actions taken while the agent was acting within the scope of its agency." Icasiano v. Allstate Ins. Co., 103 F.Supp.2d 1187, 1189 (N.D.Cal.2000). This immunity extends to negligent misrepresentations. Moreno v. Allstate Ins. Co., 2002 WL 31133203, 2 (C.D.Cal. 2002). Plaintiff does not claim that De La Cerda's representations were intentional or that he was acting outside the scope of his agency. Nevada law does not recognize a cause of action

against an insurance claims adjustor for a negligent misrepresentation made within the scope of his agency. Accordingly, amendment would be futile and leave to amend is denied.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Janeen Ence's Motion for Leave to Amend (#38) is **DENIED**.

DATED this 16th day of April 2012.

_____
Kent J. Dawson
United States District Judge